**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THOMAS JOHN HEYDEN,

     Plaintiff

v.

MINERAL COUNTY SHERIFF'S OFFICE, et al.,

     Defendants

Case No.: 3:25-cv-00095-MMD-CSD

**Report & Recommendation of U.S. Magistrate Judge**

Re: ECF Nos. 43, 44

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion to dismiss as a result of Plaintiff's failure to file updated contact information. (ECF Nos. 43, 44.)

For the reasons set forth below, it is recommended that Defendants' motion be granted and this action be dismissed without prejudice as a result of Plaintiff's failure to file updated contact information with the court or otherwise indicate an intent to prosecute this action.

**I. BACKGROUND**

The court screened Plaintiff's pro se civil rights complaint. At the time Plaintiff filed this action, Plaintiff was a pretrial detainee at the Mineral County Detention Facility (MCDF). Plaintiff was allowed to proceed with a Fourteenth Amendment inadequate medical care claim against defendants Bill Ferguson and James Ruch, as well as claims under the Americans with Disabilities Act and Rehabilitation Act against Mount Grant General Hospital and Ferguson (in

his official capacity). (ECF No. 4.) Plaintiff later dismissed Ferguson from the inadequate medical care claim. (ECF No. 40.)

For a period of time during this litigation, Plaintiff was in custody at Lake's Crossing, a State maximum security psychiatric facility. (*See* ECF Nos. 25, 30.) Plaintiff was subsequently declared competent for the criminal trial and was returned to the custody of Mineral County. (ECF No. 32.)

According to Defendants' evidence, Plaintiff entered a guilty plea and was sentenced to time served and was released from Mineral County's custody. (ECF No. 43-1.)

On March 25, 2026, Ferguson filed a motion to dismiss (ECF No. 43), which Mount Grant General Hospital and Ruch joined (ECF No. 44). That motion requests dismissal under Local Rule IA 3-1 as a result of Plaintiff's failure to file updated contact information with the court following Plaintiff's release from custody on March 4, 2026.

On March 26, 2026, Judge Du issued an order advising Plaintiff of the requirements for opposing such a motion, and gave Plaintiff 14 days to file his response. (ECF no. 45.) That order was subsequently returned as undeliverable. (ECF No. 48.)

Plaintiff has not filed updated contact information with the court or otherwise demonstrated an intent to continue to prosecute this action.

## II. DISCUSSION

Under Local Rule IA 3-1, an attorney or pro se party must *immediately* file with the court written notification of any change of mailing address.

Plaintiff is aware of the requirement to file updated contact information with the court as that topic was discussed by the court in this action. In addition, Plaintiff testified in deposition that updated contact information would be provided to opposing counsel immediately upon

Plaintiff's release from custody. (ECF No. 43-3.) Yet, Plaintiff has not filed updated contact information with the court. Therefore, dismissal is appropriate under Local Rule IA 3-1.

In addition, Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has not indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

3

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion to dismiss (ECF Nos. 43, 44) and **DISMISSING** this action **WITHOUT PREJUDICE** as a result of Plaintiff's failure to file updated contact information or prosecute this action.  The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 26, 2026

_____
Craig S. Denney
United States Magistrate Judge

4